# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROBERT STORAY**                                                                                                   **PLAINTIFF**

**v.**                                                  **4:09CV00055 JMM**

**METRO BUILDERS SUPPLY**                                                                          **DEFENDANT**

## ORDER

Plaintiff filed his complaint *pro se* on January 26, 2009 and has requested leave to proceed *in forma pauperis.* (DE #1).

The Court is required to screen complaints brought by persons proceeding *in forma pauperis* and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of such a claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim will be dismissed as frivolous, therefore, where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile*

*v. Missouri Dept. of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*.

Plaintiff filed five pages of documents, four of which appear to be telephone notes and the fifth is the Notice of Right to Sue, naming Metro Builders Supply as a defendant. Plaintiff did not identify his cause of action, or any facts or specific allegations supporting his claim. Therefore, plaintiff's complaint as it now stands is too vague to enable the Court to determine whether the complaint is frivolous or does, in fact, state a legitimate cause of action.

Accordingly, plaintiff is directed to file an amended complaint within fifteen (15) days of the date of this Order and specifically and clearly state the following: (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) the claims he makes against each individual and remedies he seeks. Plaintiff must set forth specific facts concerning the allegations including, where applicable, dates, times and places.

IT IS SO ORDERED this 29th day of January, 2009.

_____
James M. Moody
United States District Judge